# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| LARRY ALAN WHITELY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | NO. CIV-16-0514-HE |
| JIM FARRIS, Warden, | ) | |
| Defendant. | ) | |

## ORDER

Petitioner Larry Alan Whitely is a state prisoner who seeks habeas relief pursuant to 28 U.S.C. § 2254. He was convicted in the District Court of Cleveland County, State of Oklahoma, of two counts of lewd molestation of a minor. He was sentenced to concurrent terms of twenty years imprisonment on each count.

Mr. Whitely appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed the conviction. He then sought post-conviction relief and a somewhat unusual series of post-conviction proceedings followed. The state district court conducted an evidentiary hearing as to certain of his claims, but denied post-conviction relief. On appeal, the OCCA reversed and remanded for further proceedings. The district court then determined that Mr. Whitely had established ineffective assistance of appellate counsel and granted him a new direct appeal. Petitioner appealed that determination, contending the appropriate remedy was a new trial. The OCCA reversed again and remanded, with instructions to the district court to determine whether the ineffective assistance was ultimately prejudicial to petitioner. In further proceedings in the district court, the court then examined in detail whether petitioner had received ineffective

assistance of trial counsel. It concluded he had not and that, as a result, there was no prejudice to petitioner from his appellate counsel's failure to raise on appeal the various IAC issues as to trial counsel. Mr. Whitely appealed that determination to the OCCA, which affirmed the district court's order.

Petitioner then sought habeas relief in this court. The matter was referred to U. S. Magistrate Judge Bernard Jones for initial proceedings. Judge Jones has issued a Report and Recommendation (the "Report") recommending that habeas relief be denied. Petitioner has filed an extensive and detailed objection to the Report, triggering *de novo* review by the court of the matters to which objection had been made.

The factual background is described in the Report and need not be recounted here. Further, the Report accurately sets out the standard for review in this habeas proceeding. That standard is deferential—indeed, doubly deferential as to certain issues—to the OCCA's resolution of the issues raised here, all of which were first considered in the state court proceedings.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court may grant habeas relief only if the state court' adjudication of the issues "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) and (2).

Factual findings are not "unreasonable" just because this or some other reviewing court might have found the facts differently in the first instance. Brumfield v. Cain, 135

S. Ct. 2269, 2277 (2015). Rather, this court must defer to the state court determination of the issue so long as "reasonable minds reviewing the record might disagree about the finding in question." Id.

A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree on the correctness of the state court's decision." Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016). In other words, this court's review is highly deferential to the determination of the OCCA. Further, as noted above, the review is doubly deferential as to issues involving claims of ineffective assistance of counsel. The Strickland v. Washington, 466 U.S. 688, 690-1 (1984), standard for such claims, like the § 2254(d) standard, is "highly deferential and when the two apply in tandem, review is doubly so." Harrington v. Richter, 562 U.S. 86, 105 (2011).

Applying these standards, the court concludes Mr. Whitely's petition for habeas relief must be denied. His objections to the Report are developed in considerable detail and skillfully argued, but they do not state a basis for relief when tested against the deferential standard applicable here.

It is unnecessary to discuss the various issues in detail, as the court concludes the Report's treatment of them is substantially correct. With respect to the issue of whether trial counsel's performance was deficient for having failed to call certain expert witnesses or to have elicited certain types of testimony from them, the question here is whether the OCCA's determination of the issue was unreasonable under the above standard, and it plainly was not. There was a basis in the record for concluding, based on the experts who did testify and the evidence offered from various sources, that any deficiencies in the use

of experts was not prejudicial. It is no doubt true that, with hindsight, different or better experts might have been identified and used, or the evidence developed more effectively, but that does not necessarily translate into ineffective assistance of counsel. And it certainly does not establish that the OCCA's resolution of the issue was unreasonable or contrary to Supreme Court authority.

Similarly, counsel's failure to call more or different witnesses to testify as to KB's history of dishonesty does not show a basis for relief here. It is clear evidence as to that issue was presented to the jury and the OCCA's conclusion that, in light of that evidence, the absence of further testimony was not prejudicial is not obviously unreasonable.

Finally, petitioner's claim of prosecutorial misconduct based on the treatment of petitioner's wife does not translate into a basis for relief here. Of the various matters relied on by petitioner here, the evidence as to DHS's dealings with Mrs. Whitely is the most troubling to this court.[1] However, the OCCA accurately noted that Mrs. Whitely testified in her husband's favor at the later sentencing hearing despite the same pressures being potentially present,[2] and there is therefore a plausible basis for the OCCA's conclusion that that appellate counsel was not constitutionally ineffective for not raising that issue on appeal. While this court might not have reached that conclusion if making the

---

[1] *Petitioner's submissions identify instances of DHS personnel effectively assuming, in advance of trial, that petitioner was guilty of the charged crimes and suggesting that any different view by Mrs. Whitely would be viewed as a basis for removing her children from her custody.*

[2] *The chronology of events affords a sufficient basis for the state court's conclusion that Mrs. Whitely would still have been worried about the risk of losing her children at the time of the sentencing hearing.*

4

determination in the first instance, that is not the nature of the court's determination here. Rather, the question is whether the OCCA's resolution of the issue was unreasonable under the deferential AEDPA standard, and it was not.

The same is true of that court's determination of the "false evidence" claim. There is a factual basis for viewing Mrs. Whitely answer to the "why are you here" question as being literally true, and the OCCA's determination as to lack of prejudice is not obviously unreasonable.

In sum, the court concludes Mr. Whitely's request for habeas relief must be denied for substantially the reasons stated in the Report.[3] The Report is therefore **ADOPTED**. Petitioner's petition for writ of habeas corpus [Doc. #1] is **DENIED.**

**IT IS SO ORDERED**.

Dated this 10th day of April, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[3] *In his objections, petitioner challenges some of what he characterizes as factual "findings" by the magistrate judge. Of course, the magistrate judge was not making factual findings in the ordinary sense, but was simply determining the presence or absence of evidence to support the conclusions reached by the state courts.*